This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: March 18, 2024**

**No. S-1-SC-39152**

**PUBLIC SERVICE COMPANY OF NEW MEXICO, and PNM RESOURCES, INC.,**

Appellants,

v.

**NEW MEXICO PUBLIC REGULATION COMMISSION,**

Appellee,

and

**NEW ENERGY ECONOMY, WESTERN RESOURCE ADVOCATES, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 611, and THE OFFICE OF THE NEW MEXICO ATTORNEY GENERAL, COALITION FOR CLEAN AFFORDABLE ENERGY, DINE CITIZENS AGAINST RUINING THE ENVIRONMENT, SAN JUAN CITIZENS ALLIANCE, TO NIZHONI ANI, NAVA EDUCATION PROJECT, BERNALILLO COUNTY, ALBUQUERQUE BERNALILLO COUNTY WATER UTILITY AUTHORITY, and NEW MEXICO AFFORDABLE RELIABLE ENERGY ALLIANCE,**

Intervenors-Appellees.

**In the Matter of The Joint Application of Iberdrola, S.A., Avangrid, Inc., Avangrid Networks, Inc., NM Green Holdings, Inc., Public Service Company of New Mexico and PNM Resources, Inc. For Approval of the Merger of NM Green Holdings, Inc. with PNM Resources,**

**Inc.; Approval of a General Diversification Plan; and All Other Authorizations and Approvals Required to Consummate and Implement this Transaction, NMPRC Case No. 20-00222-UT**

## DECISION

**BACON, Chief Justice.**

**{1}** This is an appeal from a final order of the New Mexico Public Regulation Commission (the Commission) rejecting the proposed merger between the Public Service Company of New Mexico and Avangrid, Inc. (Avangrid), et al., because the proposed merger is not in the public interest. *See* NMSA 1978, § 62-6-12 (1989) (providing that a merger is among the transactions that require Commission approval); NMSA 1978, § 62-6-13 (1941) (providing that the Commission shall not approve any proposed transaction that is inconsistent with the public interest). The Commission also in its final order imposed a $10,000 penalty on Appellants[1] for violating discovery-related orders of the Commission. *See* NMSA 1978, § 62-12-4 (1993) (providing that the Commission may impose a penalty from $100 to $100,000 for violating an order of the Commission).

**{2}** After Appellants briefed numerous challenges to the Commission's final order and the Court held oral argument on September 15, 2023, Appellants filed notices that the proposed merger agreement was terminated. Avangrid and its corporate affiliates—Avangrid, Avangrid Networks, NM Green Holdings, Inc., and Iberdrola (the Avangrid appellants)—then filed a notice to withdraw from the appeal. The Public Service Company of New Mexico and PNM Resources, Inc. (hereinafter PNM) filed a motion to dismiss all matters in this appeal except one: the challenge to the Commission's $10,000 sanction levied against Appellants. On January 22, 2024, we issued an order granting withdrawal of the Avangrid appellants and dismissing all issues except the challenge to the sanction, which we adjudicate herein.

**{3}** PNM, which is the only appellant remaining, contends that the sanction levied against Appellants should be vacated because it is overbroad, given that only Avangrid failed to comply with discovery-related orders. We agree that the $10,000 penalty against Appellants is overbroad and must be vacated.

**{4}** Pursuant to NMSA 1978, Section 62-11-5 (1982), we must annul and vacate the final order in its entirety. *See Hobbs Gas Co. v. N.M. Pub. Serv. Comm'n*, 1993-NMSC-032, ¶ 6, 115 N.M. 678, 858 P.2d 54 (concluding that the Court may declare parts of an order to be reasonable and lawful while vacating an order in its entirety pursuant to Section 62-11-5). We remand the case to the Commission for further proceedings as necessary and entry of an order consistent with this opinion. *See id.* ("Following remand

---

[1]"Appellants" refers collectively to Avangrid, Inc. (Avangrid), Avangrid Networks, Inc. (Avangrid Networks), NM Green Holdings, Inc., Iberdrola, S.A. (Iberdrola), Public Service Company of New Mexico, and PNM Resources, Inc.

to the Commission, the Commission may properly enter an order embodying those provisions in the earlier, vacated order that have been declared reasonable and lawful.").

**{5}**     We exercise our discretion to dispose of this appeal by nonprecedential decision. *See* Rule 12-405(B) NMRA (providing that a case may be disposed of by nonprecedential decision when, for example, "[t]he issues presented have been previously decided by the Supreme Court"). We therefore assume the parties' familiarity with the record and summarize the proceedings below only to the extent necessary to explain our reasoning.

**THE COMMISSION'S $10,000 PENALTY LEVIED AGAINST ALL APPELLANTS IS OVERBROAD**

**{6}**     The Commission in its final order ordered Joint Applicants (i.e., Appellants) to pay a penalty of $10,000 pursuant to its sanction power under Section 62-12-4. *See id.* (providing that "[a]ny person or corporation . . . which fails, omits or neglects to obey, observe or comply with any lawful order, or any part or provision thereof, of the commission is subject to a penalty of not less than one hundred dollars ($100) nor more than one hundred thousand dollars ($100,000) for each offense"). The Commission grounded the penalty in Joint Applicants' "failure to obey orders related to discovery."

**{7}**     PNM argues that the sanctions were erroneously imposed as to Appellants other than Avangrid because "[t]here is no evidence that the Appellants as a group failed to comply with discovery rules or orders" and the other parties were not given notice or an opportunity to respond, resulting in a due process violation.

**{8}**     The Commission concedes that it erroneously sanctioned parties other than Avangrid because it agrees with PNM that there is no evidence in the record that any party other than Avangrid violated a discovery rule or order. Although we are not bound by the Commission's concession, *In re Final Order in Alta Vista Subdivision DP No. 1498 WQCC 07-11(A)*, 2011-NMCA-097, ¶ 11, 150 N.M. 694, 265 P.3d 745, we find it meaningful that the adjudicative body that imposed the sanction now substantively rejects it.

**{9}**     Intervenor New Energy Economy (NEE) argues that we should affirm the sanction against Appellants because all, or apparently all, relevant filings were made on behalf of Joint Applicants as a group including, specifically, the responses and objections to discovery requests. Additionally, we note that the related orders of the Hearing Examiner (HE) from May 11, 2021, and June 14, 2021, were directed at Joint Applicants. In these orders, the HE demanded information from Joint Applicants, not merely Avangrid, and also warned that Joint Applicants could be subject to sanctions.

**{10}**     Yet we perceive an issue with NEE's theory of shared liability. Iberdrola was not joined into the case until June 8, 2021, and it was not a party in the case when Joint Applicants filed incomplete responses to NEE Interrogatory 4-55. Nor was Iberdrola a party on May 18, 2021, the date that Joint Applicants filed the response to the HE's May

11, 2021 order that the HE concluded was incomplete. And although Iberdrola was a party when the HE issued the June 14, 2021 order, that order was retrospective, requiring information about potential violations that took place prior to Iberdrola's entry into the case. In sum, Iberdrola does not appear to have been a party in the case when Joint Applicants failed to provide information in response to the discovery requests at issue and failed to respond adequately to the HE's orders. In our view, this undermines NEE's theory of joint liability based on jointly filed responses.

**{11}** Moreover, the Commission did not explain in its final order why Appellants are liable as a group or what specific orders Appellants did not follow. Thus, we cannot fully evaluate the Commission's reasoning or the specific facts that informed its decision.

**{12}** Given that the Commission concedes on appeal that it improperly expanded the sanction to parties beyond Avangrid, Iberdrola seemingly was not joined into the case until after the violations identified by the HE, and the Commission did not in its order provide an explanation for expanding liability to Appellants other than Avangrid, we conclude that the sanction on all Appellants was "unreasonable, or unlawful" under NMSA 1978, § 62-11-4 (1941). *See Resolute Wind 1 LLC v. N.M. Pub. Reg. Comm'n*, 2022-NMSC-011, ¶ 20, 506 P.3d 346 ("The appropriate inquiry in determining whether an order of the Commission is unreasonable or unlawful is whether the Commission's decision was arbitrary and capricious, unsupported by substantial evidence, or an abuse of the agency's discretion." (text only)[2] (citation omitted)).

**{13}** The statutory remedy for an erroneous Commission order is clear. Section 62-11-5 provides that

> [t]he [S]upreme [C]ourt shall have no power to modify the action or order appealed from, but shall either affirm or annul and vacate the same. The [S]upreme [C]ourt shall vacate and annul the order complained of if it is made to appear to the satisfaction of the court that the order is unreasonable or unlawful.

"Following remand to the Commission, the Commission may properly enter an order embodying those provisions in the earlier, vacated order that have been declared reasonable and lawful." *Hobbs Gas Co.*, 1993-NMSC-032, ¶ 6.

**CONCLUSION**

We declare the discovery sanction directed at Appellants unreasonable and unlawful. In accordance with Section 62-11-5, we annul and vacate the final order in its entirety and remand to the Commission for further proceedings and the entry of an order consistent with this opinion.

---

[2]"(Text only)" indicates the omission of nonessential punctuation marks—including internal quotation marks, ellipses, and brackets—that are present in the text of the quoted source, leaving the quoted text otherwise unchanged.

**IT IS SO ORDERED.**

**C. SHANNON BACON, Chief Justice**

**WE CONCUR:**

**MICHAEL E. VIGIL, Justice**

**DAVID K. THOMSON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**